United States District Court
Southern District of Texas

**ENTERED**

May 13, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

|  |  |  |
|---|---|---|
| ANTHONY SPEAKMAN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00039 |
| | § | |
| SHELLPOINT MORTGAGE | § | |
| SERVICING, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before me is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support. Dkt. 7. Having reviewed the motion, Plaintiff's live pleading, and the applicable law, I grant the motion.

## BACKGROUND

Plaintiff Anthony Speakman owns property located at 1435 Tiki Drive, Tiki Island, Texas 77554 (the "Property"). In January 2026, Speakman, representing himself, filed this lawsuit in state court, requesting a temporary restraining order prohibiting Defendants from foreclosing on the Property. After the state court entered a temporary restraining order, Defendants removed the case to federal court. On February 18, 2026, Defendants filed the instant motion to dismiss, arguing that Speakman failed to plead any viable cause of action to support injunctive relief. Speakman did not respond to the motion. I held a status conference on April 17, 2026, during which I extended the deadline for Speakman to respond to the motion to dismiss or file an amended complaint to May 8, 2026. That day came and went. Speakman did not file a response to the motion to dismiss or an amended complaint.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party is entitled to dismissal when the opposing party fails to state a claim upon which relief may be

granted. To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, I must accept all well-pleaded facts as true, "viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (quotation omitted). Legal conclusions, however, are not entitled to the same presumption of truth. *See Iqbal*, 556 U.S. at 680. Although pro se plaintiffs are held "to a more lenient standard than lawyers when analyzing complaints, . . . pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## ANALYSIS

Speakman's live pleading is less than a page long. The substantive allegations are, in their entirety, as follows:

1. Plaintiff is the owner of the property located at 1435 Tiki Dr. Galveston, TX 77554 (the "Property").

2. Defendant intends to proceed with a foreclosure sale on February 3, 2026.

3. Plaintiff has attempted to resolve the default with Defendant, including loan modifications requests and payment plans.

4. Foreclosure will cause irreparable harm, including the loss of Plaintiff's home and equity.

5. Plaintiff requests the Court to issue a Temporary Restraining Order preventing Defendant from conducting the foreclosure sale until a hearing can be held.

2

WHEREFORE, Plaintiff respectfully requests that the Court:

- Issue a Temporary Restraining Order stopping the foreclosure sale scheduled for February 3, 2026;

- Set a hearing for a temporary injunction;

- Grant such other relief as the Court deems just and proper.

Dkt. 1-1 at 8.

Defendants have moved to dismiss Speakman's lawsuit for failing to allege any claims for relief. Defendants argue that Speakman cannot obtain injunctive relief without an underlying cause of action. I concur.

"An injunction is an equitable remedy, not an independent cause of action." *Morrison v. Wells Fargo Bank, N.A.*, No. 4:18-cv-2873, 2019 WL 885701, at *3 (S.D. Tex. Feb. 1, 2019). "To obtain injunctive relief under Texas or federal law, [Speakman] must show a substantial likelihood of success on the merits or a probable right to relief; this standard necessarily requires a valid cause of action." *Robledo v. Carrington Mortg. Servs., LLC*, No. 1:26-cv-61, 2026 WL 1027549, at *2 (W.D. Tex. Feb 26, 2026) (quotation omitted).

Speakman does not assert any claim for relief against Defendants. He simply asks the court to stop the foreclosure sale. With no underlying claim for relief, "the court must dismiss the request for injunctive relief." *Amezcua v. Ocwen Loan Servicing, LLC*, No. 5:14-cv-1018, 2015 WL 671600, at *2 (W.D. Tex. Feb. 17, 2015); *see also Denman v. Wells Fargo Bank, N.A.*, No. 5:13-cv-11, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013) (Because "Plaintiffs have not asserted any cause of action against Defendant[,] . . . Plaintiffs' request for injunctive relief must be dismissed."); *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, *9 (S.D. Tex. Jan. 24, 2013) ("[A] prayer for injunctive relief, without a cause of action supporting entry of a judgment must be dismissed."); *Olaoye v. Wells Fargo Bank, NA*, No. 4:11–cv–772, 2012 WL 1082307, at *5 n.5 (N.D. Tex. Apr.2, 2012) ("Because Olaoye has failed to state a claim upon which relief may be granted, he is not entitled to injunctive or declaratory relief."). This case must be dismissed.

I will issue a final judgment separately.

SIGNED this 13ᵗʰ day of May 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE